**Jil Mazer-Marino, Esq.**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530
Phone: (516) 741-6565
Fax: (516) 741-6706

*Counsel to the Chapter 7 Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 7 |
| **LUMINOSITY MARKETING, INC.,** | 12-11147 (MG) |
| **Debtors.** | |

------------------------------------------------------------------X

| | |
|---|---|
| **JIL MAZER-MARINO,** as Chapter 7 Trustee for LUMINOSITY MARKETING, INC., | |
| **Plaintiff,** | Adv. Proc. No. _____ |
| - against - | |
| **THE NEW YORK TIMES COMPANY, NEW YORK TIMES DIGITAL, LLC** | |
| **Defendant.** | |

------------------------------------------------------------------X

**COMPLAINT TO AVOID AND RECOVER**
**TRANSFERS PURSUANT TO 11 U.S.C. §§ 502, 547, AND 550**

Jil Mazer-Marino, the chapter 7 trustee (the "**Trustee**") for Luminosity Marketing, Inc. (the "**Debtor**"), by her counsel Meyer, Suozzi, English & Klein, P.C., for her *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 502, 547, and 550* against The New York Times Company and New York Times Digital, LLC (the "**Defendants**"), alleges as follows:

## NATURE OF THE ACTION

1. The Trustee brings this action against the Defendants under sections 502, 547, and 550 of title 11, United States Code (the "**Bankruptcy Code**") and Rule 7001 of the Federal Rules of Bankruptcy Procedure to avoid and recover preferential transfers.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

3. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1409(a).

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), and (F).

5. The Trustee consents to the entry of final orders or judgment by the bankruptcy court.

## THE PARTIES

6. On March 22, 2012 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

7. On March 23, 2012, the Trustee was appointed the interim chapter 7 trustee of the Debtor's estate pursuant to Bankruptcy Code section 701(a). Following a duly convened meeting of creditors, the Trustee became the permanent trustee.

8. The New York Times Company, one of the Defendants, is a New York corporation, which, upon information and belief, has its principal executive offices at 620 Eighth Avenue, New York, New York 10018.

9. New York Times Digital, LLC, one of the Defendants, is a Delaware company, which, upon information and belief, has its principal executive offices at 620 Eighth Avenue, New York, New York 10018. Upon information and belief, New York Times Digital, LLC is owned by The New York Times Company.

**FACTUAL ALLEGATIONS**

10. Upon information and belief, the Debtor made the payments listed in the attached Exhibit "A" to the Defendants within the ninety day period prior to the Petition Date (the "**Transfers**").

11. The Transfers were made by check made payable to New York Times Digital Media.

12. On or about August 21, 2013, the Trustee made demand on the Defendants for turnover of the Transfers.

**FIRST CLAIM FOR RELIEF**
**(Avoidance and Recovery of Preferential Transfers)**

13. The Trustee repeats and realleges the allegations set forth in paragraphs 1-12 hereof as if they were completely set forth herein.

14. Prior to the Petition Date, the Debtor was indebted to the Defendants for goods and/or services provided by the Defendants to the Debtor.

15. The Defendants received the Transfers from the Debtor.

16. The Transfers were made to or for the benefit of the Defendants, a creditor of the Debtor.

17. The Transfers were made for or on account of an antecedent debt owed by the Debtor to the Defendants before the Transfers were made.

18. The Debtor was insolvent on the date that each of the Transfers was made.

19. The Transfers were made on or within 90 days before the Petition Date.

20. The Transfers enabled the Defendants to receive more than they would have received if: (a) the Transfers had not been made, and (b) the Defendants received payment of their claim to the extent provided by the provisions of the Bankruptcy Code.

21. The Transfers are avoidable under Bankruptcy Code section 547(b).

22. Pursuant to Bankruptcy Code section 550(a), the recovery of property for the benefit of the Debtor's estate is authorized to the extent avoided under Bankruptcy Code section 547 and such property may be recovered from the initial transferee or the mediate or intermediate transferee.

23. By reason of the foregoing, the Defendants are liable in the amount equal to the Transfers, plus interest.

**SECOND CLAIM FOR RELIEF**
**(To Disallow Claims Pursuant to 11 U.S.C. § 502(d))**

24. The Trustee repeats and realleges the allegations set forth in paragraphs 1-23 hereof as if they were completely set forth herein.

25. The Defendants were the initial transferees of the Transfers or the immediate or mediate transferees of such initial transferee of the person for whose benefit the Transfers were made.

26. By reason of the foregoing and pursuant to Bankruptcy Code section 502(d), any claims of Defendants against the Debtor must be disallowed until such time as Defendants pays to the Trustee an amount equal to the aggregate amount of the Transfers plus interest.

**WHEREFORE**, the Trustee respectfully requests that the Court enter judgment in the Trustee's favor and against the Defendants:

    (a)    avoiding the Transfers to the Defendants pursuant to 11 U.S.C. §547;

    (b)    disallowing any claim of the Defendants against the Debtor, pursuant to 11 U.S.C.§ 502(d);

    (c)    awarding the Trustee judgment in an amount equal to the Transfers and directing the Defendants to immediately pay the Trustee an amount equal to the Transfers pursuant to 11 U.S.C. §550(a), together with interest; and

4

      (d)    granting the Trustee such further relief as this Court deems proper.

**Dated:** **Garden City, New York**
**March 11, 2014**

    **MEYER, SUOZZI, ENGLISH & KLEIN P.C.**
    *Counsel to the Chapter 7 Trustee*

    **By: */s/ Jil Mazer-Marino***
    **Jil Mazer-Marino, Esq.**
    **990 Stewart Avenue, Suite 300**
    **P.O. Box 9194**
    **Garden City, New York 11530**
    **Phone: (516) 741-6565**
    **Fax: (516) 741-6706**

**Exhibit A**

Defendants: The New York Times Company
New York Times Digital, LLC

| Check Number | Clear Date | Check Amount |
|---|---|---|
| 50328 | 12/23/2011 | $28,259.65 |
| 50338 | 01/03/2012 | 34,502.77 |
| 50348 | 01/10/2012 | 48,307.15 |
| 50376 | 02/14/2012 | 7,500.00 |
| 50377 | 02/14/2012 | 14,797.89 |
| | | **$133,367.46** |